# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**The Estate of Craig Larrimer,** *et al.*,

    **Plaintiffs,**

-v-                                                   Case No. C-2-06-0920
                                                        JUDGE SMITH
                                                        Magistrate Judge Abel

**Medical Mutual of Ohio,**

    **Defendant.**

## ORDER

Plaintiffs, Gavin Larrimer and the Estate of Craig Larrimer, bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), claiming they were improperly denied compensation for a health care benefit. This matter is before the Court on Plaintiffs' Motion to Strike Portions of the Administrative Record, specifically two documents labeled MMO 0141 and MMO 0142 (Doc. 17).

In November 2005, Craig Larrimer began to experience serious health problems while visiting his brother in California, which required hospitalization. These problems stemmed from lifelong health problems associated with smoke inhalation that occurred during a fire when he was thirteen years old. After being seen by the doctors in California, it was determined that it would be best for Craig to return to Columbus to be seen by his usual doctor, Dr. Diaz, at The Ohio State University. The doctors determined that Craig's medical condition prevented normal transport by either ground or commercial air, and arranged for a medical air transport back to Columbus.

Plaintiffs submitted the costs of the medical transport to their insurance company, Defendant Medical Mutual of Ohio ("MMO"), but were denied. MMO determined the only reason for the flight was "family preference," not medical necessity. Plaintiffs then appealed the denial of the claim, and it was sent to an independent company, Permedion, for review. After review, Permedion also rejected the claim on the grounds that Craig Larrimer could have been treated in California, and therefore the flight was not medically necessary.

The present dispute is regarding communications between counsel concerning the independent external review conducted by Permedion. In January 2007, MMO was contacted by Permedion inquiring whether there were additional medical records available from Craig Larrimer's treatment in California. MMO's counsel then contacted Plaintiffs' counsel and asked whether Plaintiffs would obtain the records to supplement the information.[1]

In Plaintiffs' counsel's January 22, 2007, email response, he stated:

Mike,
Sorry to just get back to you about your voicemail from a few days ago.
As it stands, we are comfortable with the state of the evidence without the records from California. Please do make sure that Dr. Diaz's files (Mr. Larrimer's treating doctor from OSU) get into the record.
We look forward to the outcome of the independent external review that we have agreed upon. Please do not hesitate to contact me if you have any other questions or concerns.

There was then some additional correspondence that followed to ensure that the administrative record was complete. It is these two pages of email correspondence on January 22, 2007 (MMO 0141-0142), that Plaintiffs want stricken from the administrative record.

---

[1] This initial contact by MMO's counsel, Michael Smith, was apparently a voicemail message left for Plaintiffs' counsel Mark Troutman. As the email correspondences explains, Plaintiffs' counsel was responding to the voicemail. The Court is concerned, however, that the voicemail message is not part of the record.

-2-

Plaintiffs move to strike email correspondences between the Plaintiffs' counsel and counsel for Defendant MMO. Plaintiffs assert that the email correspondence are irrelevant to this Court's decision, do not form the basis for Defendant's denial of benefits, and are easily misconstrued without being in the context of all other communications between counsel. Plaintiffs further argue that the email correspondence neither supports nor opposes whether MMO's initial denial of the claim and the Permedion report are arbitrary and capricious. Finally, Plaintiffs argue that the documents in question do not have any probative value by which the Court may evaluate if the external reviewer made its decision properly, nor do they have any bearing on whether they established their burden under ERISA.

Defendant maintains that the email correspondence between counsel regarding an external review conducted by an independent review organization is relevant and should be included in the administrative record. Defendant relies on *Miller v. Metropolitan Life Insurance Co.*, 925 F.2d 979 (6th Cir. 1991). In *Miller*, the plaintiff asserted an ERISA wrongful denial of benefits claim related to long-term disability. As part of the administrative review process, the plaintiff was asked to submit additional information substantiating her claim of disability, which she did not do. The *Miller* Court held that the district court properly considered plaintiff's failure to supply the documentation because she "refused to comply with the procedures set forth in the Plan and failed to provide continuing medical documentation of her disability." 925 F.2d at 986. The *Miller* Court concluded that the "failure on the part of plaintiff thwarted the administrative appeals process and justified Metropolitan's first denial of disability benefits...". *Id.*

Defendant argues that the case at bar warrants the same result as *Miller* because Plaintiffs have the burden of proving medical necessity. Further, Defendant argues that this Court must

consider what Plaintiffs did during the administrative process to determine is they have met their burden. Plaintiffs, however, argue that the *Miller* facts are vastly different because the plaintiff in Miller actually failed to comply with procedures and thwarted the administrative process.

This Court agrees with Plaintiffs. Based on the information in the administrative record, the Plaintiffs in this case have complied with the policies and procedures of the administrative review process. If the records MMO had requested were necessary or required for the review process then MMO should have indicated as much to Plaintiffs. The fact that it was such an informal request left on a voicemail does not support any argument that those documents were necessary for the administrative review process. Further, the email correspondence in question, or the fact that Plaintiffs did not provide additional information, do not offer any probative value regarding MMO's decision to deny Plaintiffs' claim.

Nonetheless, Plaintiffs have offered and this Court agrees that if these records are dispositive and required by MMO to ensure a complete administrative review process, the Court would entertain motions to that effect.

Rule 12(f) of the Federal Rules of Civil Procedure provides, "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Therefore, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court orders that documents labeled MMO 0141 and MMO 0142 shall be stricken from the administrative record. Plaintiffs' Motion to Strike is **GRANTED**.

The Clerk shall remove Document 17 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**